IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**CHRISTOPHER LOCKHART**                                                                 **PLAINTIFF**

**V.**                                          **CASE NO. 5:22-CV-5040**

**SILOAM SPRINGS, ARKANSAS; and**
**DETECTIVE ZACHARY WARE**                                                          **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Christopher Lockhart is a licensed Arkansas bail bondsman and private investigator. Around 3:30 a.m. on March 11, 2019, Mr. Lockhart was driving on Highway 412 in Siloam Springs, heading home from a casino where he and an associate had been looking for clients who had jumped bail. *Lockhart v. Siloam Springs*, 113 F.4th 844, 846 (8th Cir. 2024). Because it was raining at the time, Mr. Lockhart was driving ten miles per hour below the speed limit. *See id.*

After tailing Mr. Lockhart for several minutes, a Siloam Springs police officer—Detective Zachary Ware—initiated a traffic stop for alleged careless driving, on the grounds that Mr. Lockhart's tires had touched the centerline as he rounded a curve in the road. *See id.* at 847. During the traffic stop, Detective Ware asked Mr. Lockhart to exit his vehicle and then spent roughly twelve minutes conducting field sobriety tests. *See id.* During the traffic stop Mr. Lockhart denied having consumed any intoxicating substances and explained to Detective Ware that he suffered from orthopedic problems, having undergone hip replacement surgery and possessing legs that differ in length by several inches. *See* Doc. 32-2 at 12:20–13:00. Nevertheless, Detective Ware arrested Mr. Lockhart on suspicion of driving while intoxicated and took him to the police station,

1

contending that Mr. Lockhart's eyes were bloodshot and droopy, that his speech was slurred, that he appeared to be falling asleep, and that he had failed the field sobriety tests. 113 F.4th at 847.

At the police station, Mr. Lockhart took a blood alcohol concentration ("BAC") test, which showed a BAC of 0.00. *Id.* Another detective at the station conducted various sobriety tests on Mr. Lockhart and concluded that his poor performance on the tests was caused by his medical issues and not by intoxication. *Id.* Despite these developments, Detective Ware charged Mr. Lockhart with driving while intoxicated ("DWI"), driving left of center, and careless driving. *Id.*

Subsequently the prosecutor on Mr. Lockhart's case offered to drop the DWI charge in exchange for guilty pleas to the other traffic violations. *See id.* at 846. After Mr. Lockhart refused that offer, the prosecutor dismissed the non-DWI charges but went to trial on the DWI charge. *Id.* However, at trial the prosecutor declined to put on any evidence in support of the DWI charge, which necessarily led to an acquittal on that count. *Id.*

Mr. Lockhart then filed this lawsuit in federal court against Siloam Springs, Detective Ware, and various other state actors, bringing claims for various civil rights violations relating to this incident. In particular, he alleged deprivation of his constitutional rights under 42 U.S.C. § 1983, civil conspiracy under 42 U.S.C. § 1985, violation of the Arkansas Civil Rights Act ("ACRA"), and the state-law torts of abuse of process and malicious prosecution. *See* Doc. 2, ¶¶ 116–200. The parties conducted discovery, and then the defendants eventually moved for summary judgment on all of Mr. Lockhart's claims against them. *See* Doc. 30. The Court entered an opinion and order granting in

part and denying in part that motion.[1]  *See* Doc. 57.  Specifically, the Court dismissed all of Mr. Lockhart's claims except his malicious prosecution claim against Siloam Springs and his claims against Detective Ware that were grounded in the allegedly illegal stop and false arrest.  *See id.* at 18.  Since these defendants had invoked immunity defenses in their summary judgment motion, including qualified immunity for Detective Ware, they took an interlocutory appeal from the Court's order denying summary judgment on those claims.  *See* Doc. 58.

The Eighth Circuit affirmed in part and reversed in part.  It affirmed this Court's denial of summary judgment on the malicious prosecution claim against Siloam Springs, *see* 113 F.4th at 850, but it reversed this Court's denial of qualified immunity for Detective Ware with respect to the allegedly illegal stop, *see id.* at 849–50.  Specifically, the Eighth Circuit held that the undisputed fact that Mr. Lockhart's tires touched the centerline of the highway provided Detective Ware with reasonable grounds under Arkansas law for initiating the traffic stop.  *See id.*  However, the Eighth Circuit also emphasized that:

> Validity of the initial stop does not establish that Lockhart's subsequent arrest on suspicion of DWI and DWI prosecution were also valid.  These issues depend in significant part on what occurred between the time Officer Ware initiated the stop and when he arrested Lockhart after sobriety testing.  These issues were briefed and argued, but the district court in its Opinion and Order denying summary judgment did not address what occurred after the initial stop.  Now that we have determined the initial stop was valid, the district court should have the first opportunity to address other issues that could affect whether Defendants sued in their individual capacities are entitled to qualified immunity on Lockhart's § 1983 claims.  We therefore remand the case to the district court.

---

[1] The Hon. P.K. Holmes III was presiding over the case at that time.  The case was reassigned to the undersigned judge when Judge Holmes retired from the bench.

*Id.* The instant opinion and order is being issued for that limited purpose, and will not revisit or address any other issues.

Viewing the evidentiary record in the light most favorable to Mr. Lockhart, *see Williams v. Decker*, 767 F.3d 734, 738–39 (8th Cir. 2014), this Court concludes a jury could reasonably find that there was never probable cause to support Mr. Lockhart's arrest for DWI. Evidence supporting such an inference includes the video showing that Mr. Lockhart maintained control of his vehicle at all times while being tailed by Detective Ware, *see* Doc. 32-2 at 0:00–3:20; the video showing that he was driving under the speed limit in rainy conditions at all times while being tailed by Detective Ware, *see id.*; the video showing that Mr. Lockhart informed Detective Ware that he had a hip replacement, legs of unequal length, and a shoe lift, *see id.* at 12:20–13:00; the video showing that Mr. Lockhart in fact walked slowly and with a limp, *see* Doc. 43-5 at 4:44–16:10; the video showing that Detective Ware was informed by a fellow police officer who had prior experience working with Mr. Lockhart that it was normal for Mr. Lockhart to speak and walk slowly, *see* Doc. 32-2 at 47:06–48:08; documentary evidence that, in fact, Mr. Lockhart had a BAC of 0.00, *see* Doc. 32-3, p. 24; and testimonial evidence that a drug recognition expert at the police station examined Mr. Lockhart and concluded that his failure of the sobriety tests was the result of medical issues rather than intoxication, *see* Doc. 32-8, pp. 6–7 (internally numbered 23:23–24:5).

In other words, a jury could reasonably infer from the evidence that Mr. Lockhart was in fact not intoxicated at the time of the traffic stop, and that a reasonable officer in Detective Ware's place would have known that Mr. Lockhart was an elderly man with significant orthopedic problems who maintained control over his vehicle at all relevant

times and whose performance on the field sobriety tests administered on uneven terrain in the rain was consistent with what one would expect from any sober but elderly man with significant orthopedic problems.  Therefore, a material question of fact exists as to whether it was objectively reasonable for Detective Ware to believe that Mr. Lockhart had committed the offense of DWI.  If it was not objectively reasonable for him to believe that, then his arrest of Mr. Lockhart for DWI was not supported by "arguable probable cause." *See Nieters v. Holtan*, 83 F.4th 1099, 1105–06 (8th Cir. 2023).  The right to be free from arrest absent probable cause is, of course, clearly established.  *See id.* at 1106.  Qualified immunity does not protect defendants who violate clearly established rights.  *See id.* at 1105.  Accordingly, summary judgment on the grounds of qualified immunity is inappropriate here.  Mr. Lockhart's claims for false arrest against Defendant Ware and for malicious prosecution[2] against Defendant Siloam Springs will proceed to a jury trial on January 21, 2025.

      **IT IS SO ORDERED** on this 5th day of November, 2024.

                                                TIMOTHY L. BROOKS
                                                UNITED STATES DISTRICT JUDGE

---

[2] This Court previously ruled that Siloam Springs is not entitled to summary judgment on Mr. Lockhart's malicious prosecution claim because he "raised a triable issue as to the absence of probable cause" to support his prosecution, noting that under Arkansas law juries may infer malice from lack of probable cause.  *See* Doc. 57, pp. 17 (citing *Stokes v. Southern States Co-Op, Inc.*, 651 F.3d 911, 915–16 (8th Cir. 2011); *Warren v. Goza*, 2022 WL 4843014, at *5 (E.D. Ark. Oct. 3, 2022) (malicious prosecution claim can go forward when there is dispute of fact about whether arresting officer had probable cause)).